# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Sarah Meadows, ) | Civil Action No. 1:14-cv-04531-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Nationwide Mutual Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court pursuant to Plaintiff Sarah Meadows' ("Plaintiff") Motion to Remand the case to the Court of Common Pleas for Barnwell County, South Carolina. (ECF No. 9.) Defendant Nationwide Mutual Insurance Company ("Defendant") opposes Plaintiff's Motion to Remand and asks the court to retain jurisdiction. (ECF No. 13.) Additionally, Defendant makes a Motion to Dismiss Plaintiff's claim for unfair trade practices under the South Carolina Unfair Trade Practices Act ("SCUTPA"). (ECF No. 4.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Remand (ECF No. 9) and **GRANTS** Defendant's Motion to Dismiss Plaintiff's claim for unfair trade practices. (ECF No. 4.)

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she suffered damages in the spring of 2014 when Defendant cancelled the insurance policy it had provided for Plaintiff's car. (ECF No. 1-1 at 3-4 ¶¶ 9-10.) On May 12, 2014, as required by Defendant, Plaintiff signed a form excluding her mother from the policy. (Id. at 5 ¶ 5.) However, Plaintiff's insurance was cancelled on or about June 19, 2014, despite assurance from Defendant's representative that Defendant had received the form and Plaintiff's account was in good standing. (Id. at 3-4 ¶¶ 8-9.)

1

On October 16, 2014, Plaintiff filed an action for damages against Defendant in the Court of Common Pleas of Barnwell County, South Carolina, alleging claims for breach of contract, breach of contract accompanied by a fraudulent act, negligence, gross negligence or negligent supervision, conversion, unfair trade practices, and breach of trust.  (Id. at 5 ¶¶ 14, 18-19, 7 ¶ 17, 8 ¶ 21, 9 ¶ 28, 10 ¶¶ 32-33, 38.)  For jurisdictional purposes, Plaintiff alleged she is a citizen of South Carolina and Defendant is a corporation headquartered in Ohio.  (Id. at 1 ¶¶ 1-2.)  Plaintiff did not specify an amount of damages in the Complaint but prayed for actual and compensatory damages, treble damages, attorney's fees and costs of litigation, and punitive damages.  (Id. at 11.)

On November 26, 2014, Defendant timely filed a Notice of Removal asserting the court possessed jurisdiction over the matter because the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(1). (ECF No. 1 at 1 ¶ 3).  Thereafter, Defendant filed a Motion to Dismiss Plaintiff's claim for unfair trade practices pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 4 at 1.)  Plaintiff then moved to remand the matter to state court on the basis that the amount in controversy does not exceed $75,000.00 and further stipulated that the value of the case, "exclusive of attorney's fees and costs, does not exceed $74,999.99."  (ECF No. 9 at 1.)  Additionally, Plaintiff moves for attorney's fees and costs of removal under 28 U.S.C. § 1447.  (ECF No. 9 at 2.)  As a result of its motion to remand, Plaintiff argues that Defendant's Motion to Dismiss is moot.  (ECF No. 10.)  Defendant filed opposition to Plaintiff's Motion to Remand, asserting Plaintiff's "post-removal stipulation of damages is insufficient to divest the [c]ourt of jurisdiction."  (ECF No. 13 at 1-2.)

## II.     LEGAL STANDARD

A. Removing Actions from State Court by way of Diversity Jurisdiction

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – (1) citizens of different states . . . ." 28 U.S.C. § 1332(a). The removing party has the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d at 148, 151 (4th Cir. 1994). Section 1332 requires complete diversity between all parties. Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be removed in favor of state court. See Auto Ins. Agency, Inc. v. Interstate Agency, Inc., 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

The United States Court of Appeals for the Fourth Circuit has not set forth a rule concerning the burden of proof on the removing party in regard to establishing the amount in controversy. See, e.g., Rota v. Consolidation Coal Co., 1999 WL 183873, at *5 (4th Cir. Apr. 5, 1999) (expressly declining to adopt a particular standard of proof for determining the amount in controversy). Courts within the District of South Carolina are inclined to require "defendants in this position to show either to a 'legal certainty' or at least within 'reasonable probability' that the amount in controversy has been satisfied." Phillips v. Whirlpool Corp., 351 F. Supp. 2d 458, 461 (D.S.C. 2005).

In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. Thompson v. Victoria Fire & Cas. Co., 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938)). Where a complaint does not specify an amount, "the object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy." Mattison v. Wal-Mart Stores, Inc., No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) (internal citation and quotations omitted). Where the plaintiff has alleged an indeterminate amount of damages, courts may consider the plaintiff's claims, as alleged in the complaint, the notice of removal filed with a federal court, and other relevant materials in the record. Id. Courts include claims for punitive and consequential damages as well as attorney fees and costs in assessing whether the amount in controversy is satisfied to establish diversity jurisdiction. Id.; see also Thompson, 32 F. Supp. 2d at 849 (holding the amount in controversy indisputably exceeds $75,000.00 where complaint sought consequential damages, punitive damages, and attorneys' fees and costs beyond the $25,000.00 in actual damages claimed).

A post-removal event, such as amending a complaint to reduce the amount in controversy to not exceed $75,000.00, will not deprive the court of jurisdiction over a properly removed case. Id. (citing St. Paul Mercury Indem. Co., 303 U.S. at 294). If the plaintiff did not want the case to be heard in a federal court, the plaintiff could have "su[ed] for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." St. Paul Mercury Indem. Co., 303 U.S. at 294. However, where the plaintiff failed to specify an amount of damages in the complaint, this court has interpreted a later stipulation to damages as a permissible clarification of the amount of damages. See Cox v. Willhite Seed, Inc., No. 1:13-cv-

4

02893-JMC, 2014 WL 6816990, at *2 (D.S.C. Dec. 4, 2014) (Interpreting Plaintiff's Stipulation as to Damages as the total amount Plaintiff was seeking and remanding to state court); but cf. Mattison, 2011 WL 494395, at *3-4 (holding a post-removal statement that damages did not exceed $75,001 insufficient to deprive the court of jurisdiction where damages were not quantified in the Complaint but Plaintiff's request for punitive damages made it "difficult for [Plaintiff] to prove she could not possibly recover the jurisdictional limit were she to prevail at trial.")

An order to remand may include the payment of actual costs, including attorney's fees, incurred due to the removal. 28 U.S.C. § 1447(c). The Supreme Court has held that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Conversely, where there is an objective basis for removal, fees should be denied. Id. "Whether or not to award attorney fees under this section is left to the sound discretion of the court." Crawford v. C. Richard Dobson Builders, Inc., 597 F. Supp. 2d 605, 612 (D.S.C. 2009).

B. Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the facts alleged in the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A legally sufficient pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to defeat a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint should contain enough factual matter, which when accepted as true, states "'a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. All factual allegations within a complaint must be accepted as true when considering a motion to dismiss. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

C. Claims under the South Carolina Unfair Trade Practices Act

SCUTPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful." S.C. Code Ann. § 39-5-20. However, Section 39-5-40(c) of SCUTPA provides that "[t]his article does not supersede or apply to unfair trade practices covered and regulated under Title 38, Chapter 57, §§ 38-57-10 through 38-57-320." S.C. Code Ann. § 39-5-40(c). Courts in this district have recognized that Chapter 57 "clearly is intended to define and regulate all unfair trade practices in the business of insurance" and "SCUTPA, through § 39-5-40(c), provides a clear exemption for the practices covered by Chapter 57." Trustees of Grace Reformed Episcopal Church v. Charleston Ins. Co., 868 F. Supp. 128, 130 (D.S.C. 1994). Accordingly, "all unfair trade practices regarding the insurance business are regulated by the Insurance Trade Practices Act, §§ 38-57-10 et. seq., and are exempt from the coverage of SCUTPA." Id. at 130-31.

### III. ANALYSIS

A. Plaintiff's Motion to Remand

The parties do not dispute there is complete diversity. Rather, Plaintiff moves to remand this matter to state court on the basis that the amount in controversy does not exceed $75,000.00. (ECF No. 9 at 1.) Defendant opposes Plaintiff's Motion to Remand and argues that this case is appropriately in federal court because, using either the legal certainty or reasonable probability

6

standard, Plaintiff's Complaint, Defendant's Notice of Removal, and Plaintiff's demand letter demonstrate that the amount in controversy exceeded $75,000.00 at the time of removal, satisfying diversity jurisdiction requirements.  (ECF No. 13 at 4.)

Plaintiff did not include a determinate amount of damages in her Complaint.  (ECF No. 1-1 at 11.)  However, Plaintiff sent Defendant a demand letter prior to filing suit asking for $22,790.00 for the settlement of Plaintiff's claims.  (ECF No. 9-2 at 3.)  Plaintiff argues that this demand letter shows that Defendant knew that Plaintiff's claims did not exceed $75,000.00.  (ECF No. 9-1 at 1-2.)  However, Defendant argues this demand letter shows the opposite as it stated that in the event Defendant did not respond to the letter, Plaintiff would "move forward with all claims under the law and seek additional remedies as available for [Defendant's] bad faith actions."  (ECF No. 9-2 at 3; ECF No 13 at 3.)  In light of Plaintiff's six causes of actions against Defendant and Plaintiff's prayer for actual and compensatory damages, treble damages, attorney's fees, and punitive damages, the court finds it falls within a legal certainty or reasonable probability that the value of Plaintiff's claims exceed $75,000.00.  See Thompson, 32 F. Supp. 2d at 849.  Subjecting Plaintiff's claims in her demand letter alone to treble damages brings the amount in controversy to $68,370.00, independent of Plaintiff's claims for punitive damages and attorney fees.  (ECF No. 13 at 4.)  See Mattison, 2011 WL 494395, at *4 (Denying a motion to remand where Plaintiff's request for punitive damages made it "difficult for [Plaintiff] to prove she could not possibly recover the jurisdictional limit were she to prevail at trial.")

In her Motion to Remand, Plaintiff attached an affidavit in which Plaintiff stipulated she does not seek damages in excess of $74,999.99, exclusive of attorney's fees and costs.  (ECF No. 9-3 at 1.)  First, because the court has found that it was a legal certainty or, at least, within a

reasonable probability that Plaintiff's claims exceeded $75,000.00 upon removal, Plaintiff's post-removal stipulation does not divest this court of jurisdiction that has already attached. See Mattison, 2011 WL 494395, at *4 (a post-removal statement that the amount in controversy does not exceed $75,000.00 "is insufficient to divest a federal court of jurisdiction over a properly removed matter); Thompson, 32 F. Supp. 2d at 849 ("[P]ost-removal events . . . do not deprive a federal court of diversity jurisdiction); Woodward v. Newcourt Commercial Fin. Corp., 60 F. Supp. 2d 530, 533 n.7 (D.S.C. 1999) ("If the plaintiff did not limit by agreement the amount of damages being sought before removal, the plaintiff should not be allowed to limit damages, after removal, so as to defeat jurisdiction."). Second, Plaintiff's stipulated value of $74,999.99 or less is "exclusive of attorney's fees and costs," but Plaintiff has asked for attorney's fees in her Complaint. (ECF No. 1-1 at 11; ECF No. 9-3 at 1.) The Fourth Circuit has held that "attorneys' fees may be considered as part of the jurisdictional amount requirement even though [28 U.S.C. § 1332(a)] provides that the amount shall be calculated 'exclusive of interest and costs,'" where state statutes or contract provisions create a substantive right in litigants to demand these fees. Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983) (citing Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933)). Therefore, it is a legal certainty that Plaintiff's claims for attorney's fees and costs in addition to $74,999.99, the highest amount Plaintiff stipulates she may receive absent fees and costs, would exceed $75,000.00.

Further, unlike Cox, where the court interpreted a post-removal stipulation as a permissible clarification when the complaint failed to specify damages, the court here has a demand letter with a quantifiable amount that, when considered in conjunction with the claims asserted in Plaintiff's complaint, exceeds the $75,000.00 required for diversity jurisdiction. See Cox, 2014 WL 6816990, at *2. Therefore, Plaintiff's stipulation should not be interpreted as a

8

clarification where it was within a legal certainty or reasonable probability that the amount in controversy exceeded $75,000.00 at the time of removal.  See Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1997) ("A post-removal stipulation or amendment of the complaint to allege damages below the jurisdictional amount will not destroy federal jurisdiction once it has attached.  However, when facing indeterminate claims, . . . the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount.)  In light of the court's decision that removal was proper, it is unnecessary to address Plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 1447(c).

    B.  Defendant's Motion to Dismiss

Plaintiff's claim for unfair trade practices is pursuant to SCUTPA.  (ECF No. 1-1 at 11; ECF No. 9-1 at 1.)  However, Plaintiff concedes Defendant is engaged in the sale of insurance, and Plaintiff's SCUTPA claim pertains solely to the business of insurance, specifically the issuance, cancellation, and renewal of Plaintiff's car insurance policy.  (ECF No. 1-1 at 1 ¶ 2, 11 ¶ 33.)  Because conduct concerning the business of insurance is expressly excluded under SCUTPA, Plaintiff's cause of action pursuant to SCUTPA is subject to dismissal under Rule 12(b)(6).  See, e.g., Advanced Pain Therapies, LLC v. Hartford Fin. Servs. Grp., Inc., No. 3:14-CV-00050-MGL, 2014 WL 4402800, at *4 (D.S.C. Sept. 3, 2014) (finding that a plaintiff's SCUTPA claim failed as a matter of law because the claim pertained to the business of insurance and such a claim is "not regulated under SCUTPA"); K & M Merch., LLC v. Am. W. Home Ins. Co., No. 4:09-cv-1943-TLW-TER, 2010 WL 597217, at *2 (D.S.C. Feb. 16, 2010) (granting defendant's motion to dismiss a claim under SCUTPA where the claim related to a dispute over insurance coverage and thus was "not supported by the terms of . . . [SCUTPA] itself nor by the relevant case law interpreting . . . [SCUTPA]"); Ray v. Gen. Ins. Co. of Am., No. 3:11-cv-449-

9

JFA, 2011 WL 1254106, at *2 (D.S.C. Apr. 4, 2011) (dismissing a plaintiff's claim under SCUTPA with prejudice where the claim involved "conduct concerning the business of insurance.")  Given the statutory language and case law, Plaintiff's claim for unfair trade practices under SCUTPA is dismissed pursuant to Rule 12(b)(6) because it fails, as a matter of law, to state a claim upon which relief can be granted.

### IV.     CONCLUSION

For the foregoing reasons, the court hereby **DENIES** Plaintiff's Motion to Remand. (ECF No. 9.)  As the court retains jurisdiction in this matter, the court **GRANTS** Defendant's Motion to Dismiss Plaintiff's unfair trade practices claim pursuant to SCUTPA. (ECF No. 4.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 3, 2015
Columbia, South Carolina